UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANIEL SAMUELS,
A-Number: 060-649-758,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-06106-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENTS' MOTION TO DISMISS, TO GRANT IN PART AND DENY IN PART THE PETITION FOR WRIT OF HABEAS CORPUS, AND TO DENY PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

(Docs. 1, 3, 9)

[14-DAY DEADLINE]

## I. INTRODUCTION

Petitioner Shaniel Samuels is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Petitioner contends that his continued detention without a bond hearing before a neutral decisionmaker violates the Due Process Clause of the Fifth Amendment. Respondents move to dismiss the petition. (Doc. 9.) For the reasons set forth below, the undersigned recommends that Respondents' motion be **DENIED**, that the petition be **GRANTED IN PART**, and that Respondents be ordered to provide Petitioner an individualized bond hearing before an immigration judge.

/ / /

/ / /

## II. BACKGROUND

### A. Petitioner's Immigration and Criminal History

Petitioner is a native and citizen of Jamaica. (Doc. 9-1 at 1.) He was admitted to the United States at Orlando, Florida on or about June 7, 2009, as a lawful permanent resident in the IR2 category, as the child of a United States citizen. (Doc. 9-2 at 1.) He was nine years old at the time of his admission. (*See* Doc. 9-1 at 1 (date of birth).) Respondents do not dispute Petitioner's status as a lawful permanent resident. (Doc. 9 at 1.)

Petitioner has three sets of criminal convictions in the Circuit and County Courts of Osceola County, Florida. First, on July 2, 2021, in Case No. 2020-CF-3374, Petitioner was convicted, upon a plea of nolo contendere, of burglary of a conveyance and two counts of fraudulent use of a credit card to obtain more than $100 in value, in violation of Florida Statute 817.61. (Doc. 9-3 at 33, 37-40.) Second, on October 27, 2022, in Case No. 2020-CF-001243, Petitioner was found guilty of dealing in stolen property (trafficking), in violation of Florida Statute 812.019(1); burglary of a conveyance; grand theft in the third degree; and receiving money from a pawnbroker by false verification of ownership or identification, in violation of Florida Statute 539.001(8)(b)8.a. (Doc. 9-3 at 1, 5, 10–11, 30–31.) On November 16, 2022, in Case No. 2022-MM-002228, Petitioner was convicted of fraudulent use of a credit card, in violation of Florida Statute 817.61. (Doc. 9-3 at 48.)

On January 30, 2026, Petitioner was served with a Notice to Appear. The Notice to Appear charges Petitioner as removable under section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(ii), on the ground that he was convicted at any time after admission of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. (Doc. 9-2 at 1, 4.)

Petitioner states that he has been continuously detained by Immigration and Customs Enforcement ("ICE") since January 31, 2026. (Doc. 1 at 5.) Respondents state that "Petitioner's detention has reached approximately nine months," which is consistent with a custody date on or about November 26, 2025. (Doc. 9 at 6.) The undersigned need not resolve the discrepancy. Under either date, Petitioner has been detained for more than six months, and on Respondents' own accounting for approximately nine months.

Petitioner is presently detained at the California City Immigration Processing Center, within this District. (Doc. 1 at 3.) He states that he is pursuing cancellation of removal in his removal proceedings. (*Id.* at 5.) Petitioner has not received a bond hearing before an immigration judge or any other neutral decisionmaker at any point during his detention, and Respondents do not contend otherwise. (*Id.* at 5; *see generally* Doc. 9.)

**B. This Action**

Petitioner filed the instant petition on August 3, 2026, together with a motion for appointment of counsel under 18 U.S.C. § 3006A. (Docs. 1, 3.) On August 5, 2026, the undersigned ordered Respondents to show cause why the petition should not be granted, directed that any response be filed within twenty-one days of service, and permitted Petitioner to file a traverse within seven days of the filing of the response. (Doc. 7.)

Respondents filed a motion to dismiss on August 25, 2026, together with Form I-213, the Notice to Appear, and certified conviction records. (Docs. 9, 9-1, 9-2, 9-3.) Petitioner's traverse is not due until September 1, 2026, and none has been filed thus far. (*See* Doc. 7.) Nonetheless, the undersigned finds the matter suitable for resolution on the present record. Petitioner is not prejudiced as these findings and recommendations recommend granting the relief Petitioner principally seeks, and Petitioner retains the opportunity to be heard through objections. To the extent Petitioner timely files a traverse, the undersigned will consider it and may amend these findings and recommendations as necessary.

## III. DISCUSSION

**A. Jurisdiction**

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the California City Detention

Center in California City, California, within this judicial district, and he challenges the constitutionality of his detention. Jurisdiction is therefore proper.

Further, the Supreme Court in *Demore* did not foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See Demore* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified"). Petitioner asks the Court whether the Due Process Clause entitles him to a hearing or release, and that question remains within the Court's jurisdiction.

**B. Petitioner is Detained Under 8 U.S.C. § 1226(c)**

The detention of a noncitizen pending a decision on removal is governed by 8 U.S.C. § 1226. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). Section 1226(a) permits discretionary release on bond or conditional parole. Section 1226(c), by contrast, "carves out a statutory category of aliens who may not be released," *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018), and requires the Attorney General to take into custody any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii)," 8 U.S.C. § 1226(c)(1)(B).

Petitioner is charged as removable under section 1227(a)(2)(A)(ii) based on multiple convictions involving fraud and theft. Petitioner does not dispute that section 1226(c)(1)(B) supplies the statutory authority for his detention; to the contrary, he affirmatively alleges that he is detained under section 1226(c) and that no administrative bond hearing is therefore available to him. (Doc. 1 at 5.) The undersigned finds that Petitioner is detained under 8 U.S.C. § 1226(c)(1)(B), and that no statutory mechanism exists by which he may obtain an individualized custody determination.

Petitioner's petition states in one paragraph, on a preprinted form, that he "is subject to a final order of removal." (Doc. 1 at 4 ¶ 13.) That statement is form language contradicted by the remainder of the petition, by the Notice to Appear, and by Respondents' own representation that Petitioner's "removal proceedings are pending." (Doc. 9 at 1.) The undersigned finds that Petitioner's removal proceedings remain pending and that his detention is not governed by 8 U.S.C.

§ 1231.

**C. The Availability of a *Joseph* Hearing Does Not Bar Relief**

Respondents contend that any challenge to Petitioner's classification as subject to mandatory detention must be raised through a "Joseph Hearing" before the immigration judge, and that Petitioner has failed to exhaust that remedy. (Doc. 9 at 3-4 (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)).) That argument is misdirected. A *Joseph* Hearing addresses only whether a detainee is properly included within a mandatory-detention category or whether the government is substantially likely to establish the mandatory-detention grounds. It does not provide any individualized assessment of flight risk or dangerousness, and it affords no bond determination.

Petitioner does not appear to contest that his convictions are a proper predicate for detention under section 1226(c). Instead, Petitioner argues that the duration of his detention without any individualized bond determination now offends due process. That claim does not depend on the classification question a *Joseph* Hearing resolves, and exhaustion of that administrative remedy is therefore not required.

**D. Petitioner's Continued Detention Without an Individualized Bond Hearing Violates Due Process**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately four months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. As discussed above, *Demore* does not, however,

foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

Under section 1226(c), there is no bright-line rule fixing the point at which detention becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts evaluate the claim under the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing the private interest at stake, the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Applying that framework to immigration detention, the Ninth Circuit has identified as relevant the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

The end of Petitioner's detention is not reasonably foreseeable. Civil immigration detention is nonpunitive and is ordinarily justified only by the twin purposes of preventing flight and protecting the community pending removal. *Zadvydas*, 533 U.S. at 690. Detention that is not reasonably related to those purposes, including detention that has become prolonged and lacks a determinable end, raises serious constitutional concerns. *Id.* at 690-91. Respondents correctly observe that detention under section 1226(c) "has a definite termination point: the conclusion of removal proceedings." *Jennings*, 583 U.S. at 304 (quotation marks omitted). But that endpoint is not near or reasonably foreseeable. Having been detained for at least seven months by either Petitioner's accounting or Respondents' accounting, Petitioner's immigration case remains pending. In accordance with *Jennings*, the undersigned does not treat any fixed period of detention under section 1226(c) as a bright line. Nonetheless, given the seven months of detention here with no reasonably foreseeable endpoint, the *Mathews* balancing test now favors an individualized hearing.

i. Private Interest.

The first *Mathews* factor asks the weight of the private interest affected. Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has now been detained for at least seven months, and on Respondents' own accounting approximately nine months, in a secure facility, without any individualized determination that his confinement is warranted. He is a lawful permanent resident who was admitted to this country as a child and who has lived here for approximately seventeen years. This factor weighs heavily in Petitioner's favor.

ii. Risk of Erroneous Deprivation.

The second factor assesses the risk of an erroneous deprivation under the procedures used and the probable value of additional safeguards. Several considerations bear on that inquiry: the duration of detention, whether detention is likely to continue and for how long, and the reasons for delay and whether they are attributable to the government or the detainee.

The most important consideration is duration. Petitioner's detention has substantially exceeded the "brief period" contemplated in *Demore*, 538 U.S. at 513, and has passed the six-month mark that courts have treated as the point at which detention becomes prolonged, *see Rodriguez Diaz*, 53 F.4th at 1199 n.6.

Nothing in the record suggests Petitioner's removal proceedings are near resolution. The Notice to Appear directed Petitioner to appear before the immigration court at the Krome North Service Processing Center in Miami, Florida on March 2, 2026. (Doc. 9-2 at 1.) Petitioner is now detained in California City, California, and Respondents have provided no information about the current posture of the removal proceedings, the immigration court in which they are pending, the date of the next hearing, or the anticipated timeline to a merits decision. On this record the undersigned cannot find that Petitioner's detention has a foreseeable end point.

Respondents have offered no explanation for the pace of the proceedings and do not contend that any portion of the delay is attributable to Petitioner. Where the Government bears the burden of justifying continued confinement, its silence on this point is significant. A noncitizen's pursuit of relief from removal is not, in any event, a basis for discounting his liberty interest; noncitizens

should not be penalized for exercising the rights the immigration laws afford them.

The procedural protection Petitioner seeks—a single individualized bond hearing before an immigration judge—is the ordinary mechanism by which the immigration system assesses danger and flight risk, and it is available to noncitizens detained under section 1226(a) as a matter of course. *See* 8 C.F.R. § 1003.19. Its probable value is high precisely because Petitioner has received nothing comparable. He has had no opportunity, before any neutral decisionmaker, to be heard on whether his confinement serves any purpose that conditions of supervision could not serve. This factor weighs in Petitioner's favor.

iii. Government's Interest.

The Government has a legitimate and weighty interest in ensuring a noncitizen's appearance at removal proceedings and in protecting the public from noncitizens who pose a danger. *Rodriguez Diaz*, 53 F.4th at 1208. The undersigned does not discount that interest, and Petitioner's criminal history is not trivial.

But the key Government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's substantial liberty interest after approximately seven months without review. The question of whether continued detention is warranted is committed to the immigration judge.

Weighing the factors, the undersigned finds that Petitioner's continued detention under section 1226(c), for a period of at least seven months, with no foreseeable end and without any individualized determination by a neutral decisionmaker, violates the Due Process Clause. To the extent Petitioner seeks immediate release, such relief is not warranted. The constitutional defect identified above is procedural: Petitioner has been denied a hearing, not shown to be entitled to release. The appropriate remedy is to supply the missing process, which is a bond hearing. Should

the immigration judge conclude that Petitioner's continued detention is justified, no constitutional violation will remain.

**E. Petitioner's Remaining Requests for Relief**

Petitioner's remaining requests for relief should be denied. First, Petitioner seeks return of confiscated property. (Doc. 1 at 17 ¶ 5.) The writ of habeas corpus is limited to attacks upon the legality or duration of confinement. *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003). A claim for the return of personal property does not challenge the fact or duration of custody and is not cognizable in habeas. This claim should be DENIED WITHOUT PREJUDICE.

Second, Petitioner seeks relief conditioned upon *Garro Pinchi* class membership. (Doc. 1 at 18 ¶ 8.) Petitioner alleges no facts establishing that he is a member of that class, and the request is framed conditionally. This claim should be DENIED WITHOUT PREJUDICE.

Third, Petitioner states a Fourth Amendment challenge to his re-arrest. (Doc. 1 at 18 ¶ 9.) Nothing in the record indicates Petitioner was re-arrested, and the request is likewise conditional. This claim should be DENIED.

Fourth, Petitioner claims attorneys' fees under the Equal Access to Justice Act. (Doc. 1 at 17 ¶ 6.) Any fee request is premature and, in any event, a *pro se* litigant who is not an attorney may not recover attorneys' fees. This claim should be DENIED WITHOUT PREJUDICE.

**F. Motion for Appointment of Counsel (Doc. 3)**

Petitioner moves for appointment of counsel under 18 U.S.C. § 3006A. (Doc. 3.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). Appointment is discretionary and appropriate where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Here, Petitioner's filings demonstrate an adequate ability to articulate his claims, and the legal issues presented are not complex such that denial of counsel would amount to a denial of due process. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Accordingly, the undersigned recommends that the motion for appointment of counsel (Doc. 3) be DENIED.

/ / /

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss (Doc. 9) be **DENIED**;
2. The petition for writ of habeas corpus (Doc. 1) be **GRANTED IN PART** as to Petitioner's prolonged detention claim;
3. Within ten (10) days of any order adopting these findings and recommendations, Respondents be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). If Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention;
4. The petition be **DENIED IN PART** as to Petitioner's request for immediate release and **DENIED WITHOUT PREJUDICE** as to the requests set forth in paragraphs 5, 6, 8, and 9 of the prayer for relief of the petition; and,
5. Petitioner's motion for appointment of counsel (Doc. 3) be **DENIED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the

fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **September 2, 2026**

Erin Sanchez Castillo

UNITED STATES MAGISTRATE JUDGE